United States District Court
Southern District of Texas
**ENTERED**
June 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LORI HAINES, § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 1:16cv316 |
| § | |
| TRISTAR PRODUCTS, INC., § | |
| Defendant. § | |
| § | |
| § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of the opposed Motion to Transfer Venue filed by Defendant Tristar Products, Inc., (hereinafter, "TPI's Motion" or "Motion to Transfer"). Dkt. No. 13. Plaintiff Lori Haines has not filed a response. For the reasons provided below, it is recommended that the Court grant TPI's Motion and transfer this civil action to the Houston Division of the Southern District of Texas.

### I.     Jurisdiction

The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

### II.     Legal Standards

Section 1404(a) of Title 28 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. 1404(a). The application of Section 1404(a) is a two-part process. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). A court must first determine if the plaintiff could have filed their complaint in the proposed transferee venue. *Id.* If so, the court must then determine whether the transfer would serve "the convenience of the parties and witnesses" and "the interest of justice," by weighing a number of private and public interest factors, none of which are given dispositive weight. *Id.*

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of the application of foreign law." *Id.* A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give it inordinate weight. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008). Nevertheless, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315.

### III.   Discussion

TPI's Motion states that an application of Section 1404(a) considerations and factors demonstrates that the Court should transfer this civil action to the Houston Division. Dkt. No. 13 at 2-5. TPI contends that the accident allegedly giving rise to this lawsuit occurred within the Houston Division, and that the Brownsville Division has no connection to, or interest in, this lawsuit. *Id*. Among other things, TPI also alleges that the Houston Division is more convenient for the parties, their witnesses, and their counsel. *Id.*

The Original Complaint filed by Plaintiff Lori Haines alleges that TPI designed, manufactured, produced, distributed, marked, and sold a pressure cooker that malfunctioned and caused Haines to suffer severe burns on January 13, 2015. Dkt. No. 1 at 3-4. During a pre-trial teleconference with the Court, Haines's counsel stated that he had filed Haines's lawsuit in this Division because he had already filed a similar lawsuit involving the same product in this Division. Dkt. No. 15 at 3-4. When asked, however, Haines's counsel could not say that any sources of proof or relevant discoverable information exist in this Division. *Id*. at 3.

The civil action Haines's counsel referenced is currently pending before United States District Judge Andrew S. Hanen. *See Ninfa Vasquez et al v. Tristar Products, Inc.*, 1:15cv108. During the aforementioned teleconference, TPI's counsel stated that he had originally intended to file a motion seeking to consolidate this civil action with the action pending before Judge Hanen. Dkt. No. 15 at 4-5. But, after hearing from Haines's counsel, TPI's counsel indicated that a transfer to the Houston Division might be more appropriate. *Id*. Haines's counsel filed TPI's

instant Motion to Transfer a few days later. Dkt. No. 13. As noted above, Haines opposes TPI's Motion, but she has not filed a response. *See id*. at 6.

The arguments contained in TPI's Motion are largely correct and supported by the record. During the pre-trial teleconference with the Court, Haines's counsel stated that: (1) the injury-producing event occurred at Haines's home in Katy, Texas; and, (2) Haines currently lives in Tomball, Texas. Dkt. No. 15 at 2. Haines's Original Complaint indicates that at least one member of her family witnessed the injury-producing event in Katy, Texas. Dkt. No. 1 at 4. Katy and Tomball are suburbs of Houston, Texas. Haines's Original Complaint also suggests that Haines received medical treatment for her alleged injuries in the Houston area. *Id*. Counsel for Haines and TPI both maintain their legal practices in Houston. *See* Dkt. No. 1 at 11; Dkt. No. 9 at 1. TPI does not reside in Texas. *See* Dkt. No. 1 at 2; Dkt. No. 8 at 1.

In light of these facts, Haines could have filed her Original Complaint in the Houston Division. The Houston Division is closer to Haines and her medical provider witnesses. Haines has not indicated that the injury-producing event was witnessed by anyone residing in this Division. Rule 45 of the Federal Rules of Civil Procedure provides that a witness cannot be compelled to attend trial if that witness resides more than 100 miles from the venue and will incur substantial expenses to attend. FED. R. CIV. P. 45(c)(1)(B)(ii). This Division is located well over 100 miles from Houston, Texas. Haines has not refuted TPI's assertion that traveling to Brownsville would cause key witnesses to incur substantial expenses. *See* Dkt. No. 13 at 5. Haines has also failed to refute TPI's assertion that traveling

to Houston is significantly more convenient than traveling to Brownsville for TPI's out-of-state-employees. *See id.* at 3 ("Houston has a much more expansive travel-based infrastructure than Brownsville. Thus, it is substantially more convenient for Tristar's out-of-state employees to have this case pending before the Court in Houston rather than Brownsville.").

Further, it is in the public's interest to have to have localized conflicts decided at home. *Weber v. PACT XXP Tech., AG*, 811 F.3d 758, 767 (5th Cir. 2016). Haines has not shown that this Division has any interest in presiding over this lawsuit, whereas the Houston Division's interest is clear. Thus, a consideration of private and public interest factors dictates in favor of the requested transfer. The transferee venue is clearly more convenient for the parties than the venue chosen by Haines, and transferring this action to the Houston Division serves the interest of justice.

## IV.   Recommendation

It is recommended that the Court grant TPI's Motion and transfer this civil action to the Houston Division of the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

## V.   Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and

recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 26th day of June, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**